UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL WYSE,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER GRANHOLM, Secretary of the Department of Energy,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:22-CV-02561-JPB |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 15]. This Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

On June 27, 2022, Samuel Wyse ("Plaintiff"), a former employee of the Department of Energy ("DOE"), sued the secretary of the DOE, Jennifer Granholm ("Defendant"), and asserted the following causes of action pursuant to Title VII of the Civil Rights Act: (1) discrimination based on race; (2) discrimination based on color; (3) discrimination based on national origin; and (4) retaliation. [Doc. 1]. Plaintiff retired from the DOE in 2010, and Plaintiff's claims are based on events that happened after he retired. Specifically, Plaintiff alleges that his former supervisor changed his time and attendance records in 2011. The retroactive

changes, according to Plaintiff, negatively affected his retirement benefits and resulted in owing debts to other agencies.

On February 27, 2023, Defendant filed a Motion to Dismiss, or, in the alternative, Motion to Transfer Venue. [Doc. 12]. United States Magistrate Judge Catherine M. Salinas issued a Final Report and Recommendation on April 5, 2023, in which she recommended denying Defendant's Motion to Dismiss and granting Defendant's Motion to Transfer Venue. [Doc. 15]. On May 3, 2023, Plaintiff filed his objection to the recommendation. [Doc. 18].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested

and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

In his objection, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff failed to establish that venue is proper in this Court. Title VII's venue provision states, in relevant part, that the appropriate venue for a Title VII claim is in one of the following districts: (1)"any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If the respondent to a Title VII claim is not present in any of these districts, "such an action may be brought within the judicial district in which the respondent has his principal office." Id. Importantly, "[t]he plaintiff has the burden of showing that venue in the forum is proper." Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006).

Plaintiff contends that venue is proper under the third option outlined in § 2000e-5(f)(3).[1] Under that portion of the statute, venue is proper "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." § 2000e-5(f)(3). Despite Plaintiff's arguments to the contrary, this provision is simply not applicable to the facts of this case. As to the unlawful employment practice at issue, Plaintiff has alleged that his former supervisor changed his employment records at some point after he retired.[2] Even if this activity had not occurred, Plaintiff would still be retired and not working for the DOE. This is not a situation where an aggrieved person argues that he was improperly terminated, and had he not been terminated, he would still be working in a particular judicial district. Ultimately, the Court cannot find that Plaintiff

---

[1] Plaintiff does not argue that venue is proper under any of the other options. Indeed, as to the first, it is undisputed that the unlawful employment practice is alleged to have been committed in South Carolina (i.e., where the employment records were changed). As to the other venue options, Plaintiff has conceded that neither the employment records nor Defendant's principal office is within this judicial district or in the State of Georgia. [Doc. 13, p. 4].

[2] Plaintiff argues that the Magistrate Judge overlooked the fact that Plaintiff "has alleged that the discrimination and retaliation claims at issue are a part of the same pattern of conduct for which Defendant subjected him to during his employment and as early as 2009 and essentially forms the same common nucleus of operative fact." [Doc. 18, p. 5]. Plaintiff thus seems to argue that had he not been discriminated against when he was employed more than thirteen years ago, he would still be working for the DOE from his home in Stockbridge, Georgia. After careful consideration, Plaintiff's speculation that he would still be working in Georgia more than thirteen years after his retirement is not sufficient to satisfy the venue requirements in this case.

would have worked in this district but for the alleged unlawful employment practice of retroactively changing the records. As such, the Magistrate Judge was correct in finding that Plaintiff failed to show that venue in this forum is proper under § 2000e-5(f)(3). Accordingly, Plaintiff's objection is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objection, the Final Report and Recommendation [Doc. 15] is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge, Defendant's Alternative Motion to Transfer Venue [Doc. 12] is **GRANTED**.[3]  **IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the District of South Carolina, Aiken Division.

**SO ORDERED** this 6th day of June, 2023.

J. P. BOULEE
United States District Judge

---

[3] The Motion to Dismiss for improper venue is thus **DENIED AS MOOT**.